UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL
OF CARPENTERS' EMPLOYEE BENEFITS
FUND; TRUSTEES OF CARPENTERS' PENSION
TRUST FUND - DETROIT AND VICINITY;
TRUSTEES OF MICHIGAN REGIONAL COUNCIL
OF CARPENTERS' ANNUITY FUND; TRUSTEES
OF THE DETROIT CARPENTRY JOINT
APPRENTICESHIP AND TRAINING FUND;
TRUSTEES OF THE CARPENTERS' BUILDING
FUND; TRUSTEES OF THE CARPENTERS'
WORKING DUES FUND; TRUSTEES OF THE
CARPENTERS' GUARANTY FUND; THE
MICHIGAN REGIONAL COUNCIL OF
CARPENTERS, UNITED BROTHERHOOD,

                Case No. 16-11782

      Plaintiffs,             Hon. Terrence G. Berg

v.

FIRM BUILT CONSTRUCTION COMPANY, INC.,
a Michigan corporation, TED DRESCOSKY,
an individual, jointly and severally.

      Defendants.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT (DKT. 7), AND ORDERING DEFENDANTS TO ANSWER THE
COMPLAINT AND THE PARTIES TO SUBMIT A DISCOVERY PLAN**

In this case, the Plaintiffs, a group of carpenters' union benefit funds, are seeking to collect what they believe are delinquent benefit contributions owed by Defendants, a construction company and its owner.

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (Dkt. 7). Plaintiffs responded and Defendants replied. (Dkts.

10, 11). On September 26, 2016, the Court heard oral argument on this motion in Flint, Michigan. (Dkt. 15).

Both parties submitted a number of documents, affidavits, and records in support of their pleadings, which the Court has considered. Consequently, "because matters outside the pleadings were presented and not excluded by the court," under Rule 12(d) of the Federal Rules of Civil Procedure "the motion must be treated as one for summary judgment under Rule 56." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009) (quoting FED. R. CIV. P. 12(d)). The Rule further provides that "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d). Ruling on summary judgment is typically inappropriate where, as here, the parties have had no opportunity for discovery and the non-movant requests it. (Dkt. 10 at 17). *See, e.g., CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995).

Because matters outside the pleadings were presented and considered, the Court will treat Defendants' pleading as a motion for summary judgment. It is clear from the arguments the parties presented, both in their briefing and during oral argument, that additional records and testimony would assist the parties in supporting their respective positions. Both parties pointed to outside evidence that they saw as central to the resolution of the issues raised, but no discovery has been undertaken at this point in the proceedings. All parties have clearly *not* been afforded the opportunity to present all material pertinent to the motion, as Rule

2

12(d) requires. FED. R. CIV. P. 12(d). For this reason, the Court concludes that Defendants' motion for summary judgment should be denied at this stage, without prejudice, and that the parties should be permitted to conduct discovery. In furtherance thereof, Defendants will be required to file an answer to the complaint, the parties shall submit a Joint Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and thereafter the court will conduct a scheduling conference and issue a scheduling order that will include a date for the filing of dispositive motions. Defendants may re-file their motion for summary judgment after the close of discovery.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (Dkt. 7) is **DENIED WITHOUT PREJUDICE;**

Defendants shall file an answer to the complaint **within fourteen (14) days of this Order**;

The parties shall file with the Court their Joint Discovery Plan **within twenty-one (21) days of this Order**.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2016

## Certificate of Service

      I hereby certify that this Order was electronically submitted on October 5, 2016, using the CM/ECF system, which will send notification to each party.

                                                s/A. Chubb  
                                                Case Manager